[Civ. No. 18117. Second Dist., Div. Three. Sept. 20, 1951.]

EUGENE S. SCHNEIDER et al., Respondents, v. JACK TOY WHITTLEY et al., Appellants.

Crider, Runkle & Tilson for Appellants.

Benjamin J. Goodman for Respondents.

WOOD (Parker), J.—Action for damages resulting from an automobile collision. In a trial without a jury, judgment was for plaintiffs. Defendants appeal. Appellants contend that plaintiff Schneider was negligent as a matter of law; that

he was an agent of plaintiff Mrs. Traub, who was riding with him, and his negligence must be imputed to her.

On January 12, 1949, about 9 a.m., plaintiff Schneider was driving a Ford automobile in a southerly direction on Bonnie Brae Street in Los Angeles, and defendant Whittley was driving a Pontiac automobile in an easterly direction on Court Street. The automobiles collided within the intersection of those streets. There was no stop sign at the intersection. Bonnie Brae Street is about 42 feet wide and is level. Court Street is about 40 feet wide and is level at the intersection and west of the intersection for a distance of approximately 150 feet. At said point west of the intersection, Court Street extends downhill to Westlake Avenue which is the next street west of Bonnie Brae. A driver approaching said intersection (Bonnie Brae and Court) either from the north or west did not have, during the last 100 feet of such approach, an unobstructed view of traffic upon Court Street or Bonnie Brae Street for a distance of 100 feet. There was evidence that at a point on Bonnie Brae Street 100 feet north from the center of the intersection there was an unobstructed view west on Court Street for a distance of 41 feet; and that at a point on Court Street 100 feet west of the center of the intersection there was an unobstructed view north on Bonnie Brae Street for a distance of 44 feet.

Plaintiff Schneider testified that he had stopped his automobile at the intersection of Temple Street and Bonnie Brae Street, which is the first intersection north of the intersection of Bonnie Brae and Court; after he left the intersection of Temple and Bonnie Brae, the maximum speed he attained was between 20 and 25 miles an hour; he decreased the speed from the center of the block to the intersection; he entered the intersection of Bonnie Brae and Court between 10 and 15 miles an hour; when the front of his automobile was about 8 feet north of the intersection, he looked to the west on Court Street for traffic, and he did not see any vehicle coming from the west; at that time (when he looked to the west) he was traveling about 15 or 17 miles an hour, was still slowing down, and he could see west on Court Street about 30 or 40 feet; just prior to entering the intersection, he applied the brakes and slowed down; when the front of his (Schneider's) automobile was about 2 or 3 feet south of the center of Court Street, he first saw the Pontiac automobile (driven by defendant Whittley), and at that time the Pontiac was going due east on Court Street and was about 10 feet to the right

from Schneider's Ford automobile; he did not form an opinion as to the speed of the Pontiac; the front of the Pontiac hit the Ford approximately in the middle of the right side and pushed it southeasterly until it came to rest against a telegraph pole on the southeast corner of Bonnie Brae Street— "South of the intersection"; when the Pontiac came to rest, it was "embedded" in the plaintiff's Ford; the left rear fender and the rear of the left side of the Ford were "embedded around the pole"; within a minute or two after the impact the defendant went to plaintiff Schneider and said to him: "I am sorry. I didn't see you."

Mr. Britt, called as a witness by plaintiffs, testified that he saw the accident; he was standing on the northwest corner of Bonnie Brae Street and Court Street; he first saw the Pontiac automobile (driven by defendant Whittley) when it was about 80 feet west of the intersection, and he continued to observe it as it approached the intersection; in his opinion it was traveling at a speed of approximately 30 miles an hour; the driver of the Pontiac was looking to the right and did not look to his left; he (witness) first saw the Ford automobile (driven by plaintiff Schneider) when it was about 20 feet north of the intersection; the Ford was traveling at a very slow speed and when the accident happened it was traveling approximately 15 miles an hour; he did not see any change in the speed of either automobile; both automobiles kept going straight ahead and did not turn at all before they collided; after they collided they went over toward the southeast corner; neither Schneider nor Whittley blew a horn; the Ford entered the intersection first; the collision occurred about 6 feet south of the center line of Court Street; the Ford was struck in the center, approximately, of its right side.

Mr. Woody, called as a witness by plaintiffs, testified that while he was driving his automobile northerly on Bonnie Brae, at a point about 100 feet south of the intersection of Bonnie Brae and Court, he saw the Ford automobile which was about 45 per cent across the intersection; at that time the Ford was traveling between 15 and 20 miles an hour; the Ford entered the intersection first and was almost at the curb when it was struck; the Ford had reached the center of the street when the Pontiac entered the intersection; he (witness) saw the Pontiac travel from approximately 50 feet back of Bonnie Brae Street to the center of the intersection and it was traveling about 30 miles an hour.

A police officer, called as a witness by plaintiffs, testified that he arrived at the scene of the accident at 9:10 a.m.; he did not find any automobile skid marks there; defendant Whittley told him that he was traveling approximately 30 miles an hour.

Plaintiff Mrs. Traub, who was riding with plaintiff Schneider, testified that she did not see the accident and she knew nothing about it.

Defendant Whittley testified that he did not see the Ford at any time before the accident; when he first looked to the left or north, he was just entering the intersection and he did not see any vehicle approaching from the north; no vehicle was approaching from the south; the automobiles came together about the center of the intersection; the front of the Pontiac collided with the right front door of the Ford; he (Whittley) did not apply his brakes before the collision; he was taking Veoma McCamon (daughter of defendant Ellen McCamon) to school, and he knew that she was late for school; after he made the right turn from Westlake Avenue onto Court Street and proceeded east, he went uphill in second gear and did not shift gears before the collision occurred.

Appellants argue, in support of their contention that plaintiff Schneider was negligent as a matter of law, that the evidence indicates: (1) that plaintiff Schneider did not look to his right before he entered the intersection—for if he had so looked he would have seen the Pontiac and would have stopped his Ford; or (2) it indicates that he saw the Pontiac and thought he could beat it across the intersection. It cannot be determined as a matter of law that plaintiff Schneider was negligent. The evidence was amply sufficient to support the findings of the trial court to the effect that defendant Whittley was negligent, and that plaintiff Schneider was not guilty of any negligence proximately contributing to the accident.

Plaintiff Mrs. Traub is the mother-in-law of plaintiff Schneider, and he was taking her to a school for adults where she was studying the English language and taking a course preparatory to becoming a citizen. Appellants argue that plaintiff Schneider was her agent. Respondents assert that there was no definite arrangement regarding the matter of taking her to school; that the school was on the way to his place of employment and he did not take her every day. By reason of the above conclusion to the effect that the evidence supports the finding that plaintiff Schneider was not con-

tributively negligent, it is not necessary to discuss further the contention of appellants that plaintiff Schneider was the agent of plaintiff Mrs. Traub and that his negligence must be imputed to her.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.